The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| IN RE NORTHWEST PIPE COMPANY DERIVATIVE LITIGATION | Lead Case No. C10-5129 RBL |
| This Document Relates To:<br><br>    ALL ACTIONS. | **ORDER AND FINAL JUDGMENT** |

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

1    This matter came before the Court for hearing on March 29, 2013, to consider approval

2    of the proposed settlement ("Settlement") set forth in the Stipulation of Settlement dated

3    November 7, 2012, and the exhibits thereto (the "Stipulation").  The Court has reviewed and

4    considered all documents, evidence, objections (if any), and arguments presented in support of or

5    against the Settlement.  Good cause appearing therefore, the Court enters this Judgment.

6         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

7         1.    This Judgment incorporates by reference the definitions in the Stipulation, and all

8    capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

9         2.    This Court has jurisdiction over the subject matter of the Federal Action,

10   including all matters necessary to effectuate the Settlement, and over all Settling Parties.

11        3.    The Court finds that the Notice provided to Current Northwest Shareholders

12   constituted the best notice practicable under the circumstances.  The Notice fully satisfied the

13   requirements of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due

14   process.

15        4.    The Court finds that the terms of the Stipulation and Settlement are fair,

16   reasonable, and adequate, and in the best interests of Northwest and its shareholders.

17        5.    Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure this Court hereby

18   finally approves the Stipulation and Settlement in all respects, and orders the Settling Parties to

19   perform its terms to the extent the Settling Parties have not already done so.

20        6.    The Federal Action and all claims contained therein, as well as all of the Released

21   Claims against Released Persons, are dismissed with prejudice.  The Settling Parties are to bear

22   their own costs, except as otherwise provided in the Stipulation.

23        7.    Upon the Effective Date, the Releasing Parties shall be deemed to have fully,

24   finally, and forever released, relinquished, and discharged the Released Claims (including

25   Unknown Claims) against the Released Persons and any and all claims arising out of, relating to,

26   or in connection with the defense, settlement, or resolution of the Federal Action and the State

27   Actions against the Released Persons.

8.      "Released Claims" shall collectively mean any and all claims, rights, and causes of action, whether based on federal, state, local, statutory, or common law or any other law, rule, or regulation, including Unknown Claims, that have been or could have been asserted by Plaintiffs or any other shareholder of Northwest derivatively on behalf of Northwest against the Released Persons in the Actions based on or related to the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act alleged by Plaintiffs in any of the complaints filed in the Actions, including the First Restatement, the Second Restatement, the SEC Investigation, or the development, implementation, execution or oversight of Northwest's accounting policies or practices.  Excluded from the terms "Released Claims" are all claims alleged in the Securities Class Action.

9.      Upon the Effective Date, each of the Defendants shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Federal Action, the State Actions, or the Released Claims.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

10.     During the course of the litigation, all parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure, and all other similar laws or statutes.

11.     Neither this Stipulation, nor any of its terms or provisions, nor entry of this Judgment, nor any document or exhibit referred or attached to the Stipulation, nor any action taken to carry out the Stipulation, is, may be construed as, or may be used as evidence of the validity of any of the Released Claims or an admission by or against the Individual Defendants of any fault, wrongdoing, or concession of liability.

12.     The Released Persons may file the Stipulation and/or the Judgment, and file or reference acts performed or documents executed pursuant to or in furtherance of the Stipulation and/or the Judgment: (a) in any action that may be brought against them in order to support a

[PROPOSED] ORDER AND FINAL JUDGMENT
No. C10-05129-RBL

- 2 -

**LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

1  defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and

2  credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim

3  preclusion or issue preclusion or similar defense or counterclaim; (b) in furtherance of the

4  Settlement contemplated in the Stipulation; and (c) in any action to enforce the Settlement.

5       13.     Without affecting the finality of this Judgment in any way, this Court hereby

6  retains continuing jurisdiction with respect to implementation and enforcement of the terms of

7  the Stipulation.  In the event the Effective Date does not occur (unless counsel for the Settling

8  Parties mutually agree in writing to proceed with the Stipulation), then the Stipulation shall be

9  canceled and terminated and this Judgment shall be vacated and: (a) all Settling Parties and

10 Released Persons shall be restored to their respective positions in the Federal Action as of

11 November 7, 2012; (b) all releases delivered in connection with the Stipulation shall be null and

12 void, except as otherwise provided for in the Stipulation; (c) any Fee and Expense Amount paid

13 to Plaintiffs' Counsel shall be refunded and repaid within fifteen business days, in accordance

14 with paragraph 4.3 of the Stipulation; and (d) all negotiations, proceedings, documents prepared,

15 and statements made in connection with the Settlement shall be without prejudice to the Settling

16 Parties, shall not be deemed or construed to be an admission by a Settling Party of any act,

17 matter, or proposition and shall not be used in any manner for any purpose in any subsequent

18 proceeding in the Actions or in any other action or proceeding.

19      14.     The Court hereby approves the Fee and Expense Amount of $750,000 in

20 accordance with the Stipulation and finds that the Fee and Expense Amount is fair and

21 reasonable.  No other fees, costs, or expenses may be awarded to Plaintiffs' Counsel in

22 connection with the Settlement.  The Fee and Expense Amount shall be distributed in accordance

23 with the terms of the Stipulation.

24      15.     The Court hereby approves the Incentive Award of $2,000 for Lead Plaintiff, in

25 acknowledgement of his role in initiating and overseeing Lead Plaintiffs' Counsel's prosecution

26 of this litigation, and the benefits thereby conferred on Northwest.  The Incentive Award shall be

27 paid from Plaintiffs' Counsel's Fee and Expense Amount.

[PROPOSED] ORDER AND FINAL JUDGMENT
No. C10-05129-RBL                        - 3 -

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

1      16.     The Court finds that no just reason exists for delay in entering the Judgment in

2   accordance with the Stipulation.   Accordingly, the Clerk is hereby directed to enter this

3   Judgment forthwith.

4          IT IS SO ORDERED

5          .

6   DATED this 29th day of March, 2013

7

8                                                    Ronald B. Leighton
                                                     United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
    852213
27

[PROPOSED] ORDER AND FINAL JUDGMENT          - 4 -
No. C10-05129-RBL